MATHEWS, Justice.
Appellant became a lessee under agreement with the appellees as lessors. Although the lease was to run only a few months during the year, its terms were reduced to writing. In an action for breach of the lease the lessee filed an answer and a counterclaim alleging that the lessors never tendered the described premises and attached to her answer a copy of the original lease agreement wherein the property was described as: “the dwelling at 378 Floyd Avenue — furnished completely as is — and the east half of the garage. The lessor is to install two gas heaters.” A trial resulted in a verdict of $1,500 for the ap-pellees. A motion for new trial was made and denied. Final judgment was entered thereon and it is from this final judgment that this appeal is prosecuted.
The real question which was submitted to the jury is, was the phrase, “two gas heaters to be installed”, ambiguous where it appears in the description of the premises to be leased and was it error to submit the meaning thereof to the jury? The trial Court held, that parol testimony was admissible to show when the heaters were to be installed. Such an instruction was given to the jury by the Court "without objection from anyone.
The only ambiguity involved was the fact that thé written agreement did not contain any date when the heaters were to be installed. No complaint was made by the appellant concerning said heaters or the time when they were to be installed until after this litigation was -in progress. On her testimony .the appellant testified, “Well, the reason I didn’t move in because I was displeased with the utility room not being there.” This is the first time her displeasure about the utility room appears.in the record. With reference to the two gas heaters, appellant .testified as follows:
“Q. Did she say anything to you that the heaters would be put in when you took possession? A. No, she said they would put them in as soon as possible.
* * * . * * *
“Q. And you understood that the ■heaters could not be installed until' November; is that correct? A. Some time in November.”
It may be that the written instrument was susceptible of the interpretation by the Court that the gas heaters would be installed as soon as practical or at least before *546 the winter season began. Having submitted this question to the jury under the above-quoted testimony of the lessee, she suffered no harm because the question was submitted to the jury, or by reason of the interpretation and finding of the jury. The record fails to show any reversible error.
Affirmed.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.